# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50772
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
February 4, 2015
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

2010 FORD FUSION SE HYBRID VIN: 3FADP0L30AR428645,

> Defendant

v.

JESSE LEE OLIVIERI,

> Claimant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC 1:13-CV-48

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50772

Claimant-Appellant Jesse Olivieri appeals from a final judgment of civil forfeiture of his 2010 Ford Fusion SE Hybrid, Vehicle Identification Number 3FADP0L30AR428645, following trial by consent before the magistrate judge. Supported by findings of fact and conclusions of law, the judgment determined that "the Government had proven by a preponderance of the evidence that there was a substantial connection between the Ford Fusion and Claimant Jessie L. Olivieri's use and intent to use the Ford Fusion to transport, facilitate the transportation of, sell, possess, and conceal methylone."

On appeal, Mr. Olivieri argues the evidence was insufficient to show a substantial connection between the Ford Fusion and the drug activity. We must disagree. In addition to law enforcement testimony, two of Mr. Olivieri's acquaintances, Joshua Enck and K-Cey Faglie, testified that, although they could not remember exact dates, they certainly remembered sometimes traveling in the Ford Fusion to a club to sell drugs. Thus, the evidence is sufficient to support the magistrate judge's finding of a substantial connection.

Mr. Olivieri also alleges the magistrate judge committed plain error in making certain statements regarding Mr. Olivieri. To prevail on a plain error argument, an appellant must prove, among other things, that the error "'affected the appellant's substantial rights, which in the ordinary case means' it 'affected the outcome of the district court proceedings.'"[1] Because the testimony of the other witnesses is sufficient to support the judgment of civil forfeiture, Mr. Olivieri has failed to show that the magistrate judge's statements concerning him could have affected the outcome, even if they were erroneous. Accordingly, he is not entitled to reversal for plain error.

For the reasons set forth above, we AFFIRM.

---

[1] *United States v. Marcus*, 560 U.S. 258, 262 (2010) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).